ASH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fabian Hernandez, et al., | No. CV 16-03699-PHX-DGC (JZB) |
| Plaintiffs, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Pending before the Court is a Motion for Partial Summary Judgment (Doc. 81) filed by the State Defendants.[1]

**I.   Background**

On June 9, 2016, Plaintiffs Fabian Hernandez, Joseph Artiaga, David J. Daniels, Jesus Garcia, Paul Harris, Nathaniel Hooks, Vincente Longoria, Brandon Wilson, Christopher Henderson, and Guy Snider filed, through counsel, a civil rights Complaint in Maricopa County Superior Court. On September 29, 2016, Plaintiffs filed a First Amended Complaint that added the State of Arizona as a Defendant. On October 25, 2016, the State of Arizona removed the matter to this Court. Defendants were served thereafter.

---

[1] The "State Defendants" are Defendants Andrews, Barnett, Bossom, Bucholz, Burtsfield, Caruso, Cooper, Freeland, Gilboy, Graham, Gullion, Johnson, Llamas, Masterson, Porto, Sanchez, Snare, Webster, Wieden, and Winfrey.

The State Defendants have filed this Motion for Partial Summary Judgment, seeking dismissal of Plaintiffs Harris, Henderson, and Longoria for failure to exhaust their administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e *et seq*. (Doc. 81.) Plaintiffs have responded in opposition. (Doc. 96.) The State Defendants have replied (Doc. 101), conceding that the PLRA did not apply to Plaintiffs Henderson and Longoria because they had been released from prison at the time the Complaint was filed, but arguing that summary judgment against Plaintiff Harris remained appropriate.

**II. Legal Standards**

**A. Summary Judgment**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal

citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

**B.** **Exhaustion**

Under the PLRA, a prisoner must exhaust "available" administrative remedies before filing an action in federal court. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). The prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The defendant bears the initial burden to show that there was an available administrative remedy and that the prisoner did not exhaust it. *Albino v. Baca*, 747 F.3d 1162, 1169, 1172 (9th Cir. 2014); *see Brown*, 422 F.3d at 936-37 (a defendant must demonstrate that applicable relief remained available in the grievance process). Once that showing is made, the burden shifts to the prisoner, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. The ultimate burden, however, rests with the defendant. *Id.* Summary judgment is appropriate if the undisputed evidence, viewed in the light most favorable to the prisoner, shows a failure to exhaust. *Id.* at 1166, 1168; *see* Fed. R. Civ. P. 56(a).

If the defendants move for summary judgment for failure to exhaust and the evidence shows that the plaintiff did, in fact, exhaust all available administrative remedies,

it is appropriate for the court to grant summary judgment sua sponte for the nonmovant on the issue. *See Albino*, 747 F.3d at 1176 (pro se prisoner did not cross-move for summary judgment on issue of exhaustion, but because he would have succeeded had he made such a motion, sua sponte grant of summary judgment was appropriate).

### III. Facts

#### A. ADC's Grievance Process

Arizona Department of Corrections (ADC) Department Order (DO) 802 sets forth the ADC's grievance process. (Doc. 82-3.) DO 802 "requires the inmate to first attempt to resolve any 'complaints through informal means including, but not limited to, discussion with staff in the area most responsible for the complaint or through the submission of an Inmate Informal Complaint Resolution . . . ." (Doc. 82-11 at 4.) If the inmate "is unable to resolve a complaint through informal means, the inmate may submit an Informal Complaint on an Inmate Informal Complaint Resolution form to the Correctional Officer (CO) III in the inmate's prison unit . . . ." (*Id.*) If the "inmate's complaint cannot be resolved informally, the inmate may submit a formal inmate grievance to the unit CO IV Grievance Coordinator . . . ." (*Id.*) "Within fifteen workdays following the receipt of the formal inmate grievance, the Deputy Warden issues a written response to the inmate. (*Id.*) If the inmate "receives an unfavorable response from the Deputy Warden, the inmate may appeal the response to the Warden . . . ." (*Id.*) "The Warden must respond to this appeal within twenty workdays." (*Id.*) If the inmate receives an unfavorable response from the Warden, he "may appeal the Warden's decision to the Director of ADC." (*Id.*) "The Director's response is final, and constitutes an exhaustion of all remedies within the ADC . . . ." (*Id.* at 5)

#### B. Harris's Grievance

Harris alleges that he was assaulted by prison staff on June 9, 2014. (Doc. 1-1 at 70). On June 13, 2014, Harris submitted an Inmate Informal Complaint Resolution describing the assault. (Doc. 97 at 5; Doc. 97-1 at 1). Harris received an Inmate Letter Response from Deputy Warden Freeland dated June 25, 2014. (*Id.*; *id.*). On July 3, 2014,

Harris submitted an inmate grievance, which was signed by the grievance coordinator on July 7, 2014. (*Id*.; *id* at 2). Harris received a supplemental response dated August 21, 2014. (*Id.*; *id.*). On August 27, 2014, Harris submitted an Inmate Grievance Appeal, which was marked as received by the Warden's Office on September 3, 2014. (*Id.*; *id.*). Harris received a Decision of Appeal dated September 6, 2014. (*Id*; *id*).

Defendants allege that Harris then failed to submit a Director's-level appeal. (Doc. 82 at 2). In response, Harris has submitted a signed Declaration stating that after he received the September 6, 2014 Decision of Appeal, he "took the paperwork to appeal to the Director." (Doc. 97-1 at 2). Harris "completed the paperwork to appeal to the Director," and "put the paperwork to appeal to the Director in the office of my COIII in the Cook Unit, Building 1." (*Id.*). Harris "slid the paperwork under the door," but "did not receive a response from the appeal." (*Id.*). Plaintiff further states that his housing location was moved on July 23, 2016, and that his property was taken from him. (*Id.*). When his property was returned, his "legal papers were missing. [He] received some paperwork back, but not the paperwork related to this case." (*Id.*).

**IV. Discussion**

Defendants have met their initial burden of showing that there was an administrative remedy available to Harris, and that Harris did not complete this process with respect to his claims. Accordingly, the burden shifts to Harris to either show that he exhausted the available remedies or that the remedy was effectively unavailable to him. *Albino*, 747 F.3d at 1172.

Plaintiff has done so. Plaintiff has submitted a signed Declaration indicating that he would testify, under oath, that he submitted the Director's-level appeal by sliding the paperwork under the door of his COIII's office. Defendants argue that Harris "has no documented evidence that he submitted an appeal to the director." (Doc. 101 at 2.) But documented evidence is not required when evaluating whether an issue of material fact exists. Plaintiff's Harris's Declaration is sufficient to establish an issue of material fact as to whether he exhausted his administrative remedies. That the Declaration might be, as

Defendants put it, "self-serving," is irrelevant. *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999) ("That an affidavit is self-serving bears on its credibility, not on its cognizability for purposes of establishing a genuine issue of material fact."). As mentioned, at summary judgment, the Court does not make credibility determinations; it must take the nonmovant's facts as true. *See Soremekun*, 509 F.3d at 984. Plaintiff's declaration is signed under penalty of perjury, and he has personal knowledge to testify about whether he filed a grievance appeal to the Director concerning the June 9, 2014 incident. (Doc. 97-1 at 12 ¶¶ 12-13.)

Defendants' further objection that Harris' Declaration is contradictory because he has been able to produce the records of his lower-level grievances, despite stating in his Declaration that the "paperwork related to this case" was not returned to him, is not sufficient to warrant summary judgment. As an initial matter, Defendants have not indicated where or when Harris has supposedly produced these records, and the Court is unable to locate them. The records that have been provided with the briefing on this Motion have all come from Defendants themselves. Further, even assuming that Harris has, somehow, produced some of his grievance records does not mean that he is in possession of all of the records. Similarly, that Defendants have records that other Plaintiffs filed Director-level appeals does not mean that *Harris* did not. Simply put, the "absence of a record for Plaintiff Harris" does not demonstrate that he did not file an appeal to the director.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion for Summary Judgment (Doc. 81).

(2) Defendants' Motion for Summary Judgment (Doc. 81) is **denied**.

(3) Within **20 days** of the date of this Order, Defendants must file a Notice indicating whether they request that the Court set an evidentiary hearing as to exhaustion or whether they wish to withdraw the request to dismiss the case as to Harris on exhaustion grounds.

Dated this 6th day of August, 2019.

David G. Campbell
Senior United States District Judge